**Melvin GRESHAM, Captain, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 09–7110.

United States Court of Appeals, District of Columbia Circuit.

Oct. 20, 2010.

Rehearing En Banc Denied Dec. 8, 2010.

Ellis Scott Frison, Jr., Esquire, Law Office of E. Scott Frison, Jr., Washington, DC, for Appellant.

Holly Michelle Johnson, Assistant, Todd Sunhwae Kim, Solicitor General, Donna M. Murasky, Esquire, Deputy Solicitor, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, WILLIAMS and RANDOLPH, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order granting summary judgment in favor of Appellee and dismissing Appellant's claims be affirmed. Appellant Melvin Gresham alleged that the District of Columbia violated his rights under the First Amendment and the D.C. Whis-

tleblower Protection Act, D.C.Code § 1–615.51 *et seq.,* and committed intentional infliction of emotional distress. The district court granted summary judgment to the District on the First Amendment claim and, having dismissed the only Federal claim, declined to exercise supplemental jurisdiction over the two remaining claims. On appeal, Appellant failed to articulate any discernible theory of how the district court erred in granting summary judgment on the First Amendment claim. Having dismissed the First Amendment claim, the district court had discretion over whether to exercise supplemental jurisdiction over the two claims under District of Columbia law. *Shekoyan v. Sibley Int'l,* 409 F.3d 414, 423 (D.C.Cir.2005). Declining to do so in this instance was not an abuse of discretion.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.